UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

RICHARD CRANNELL,

        Plaintiff

                                            **COMPLAINT**

        -against-

MERCANTILE ADJUSTMENT BUREAU, LLC,

        Defendant

-------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.  The Plaintiff RICHARD CRANNELL brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.  Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff is entitled to statutory damages, actual damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3.  The Plaintiff is a natural person.

4.  At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in Wayne County, New York.

5.  The Defendant Mercantile Adjustment Bureau, LLC (MAB), is a limited liability corporate debt collection business entity registered as such with the New York Secretary of State.

6.  The Defendant MAB maintains a principle place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York.

7.  The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8.  The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

9.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant maintains its principal place of business in the venue of this federal District Court.

## FACTS CONCERNING THE PLAINTIFF

11. The Defendant alleges that the Plaintiff owes a personal medical debt.

12. During a time period contained within the year prior to the filing of this Complaint the Defendant MAB has placed numerous telephone calls to a telephone number belonging to the Plaintiff's father in the attempt to collect the alleged medical debt from the Plaintiff.

13. The messages disclose that the Defendant is a debt collector and is attempting to contact the Plaintiff in regard to a debt.

14. The Plaintiff lives with his mother and father.

15. The Plaintiff's mother has listened to many of these messages which indicate that the Plaintiff is alleged to owe a personal debt.

16. The messages placed by the Defendant has caused much tension between the Plaintiff and his mother.

17. The hearing of the messages by the Plaintiff 's mother constitutes an FDCPA violation for disclosing a debt to a third party.

18.  A debt collector need not intend to disclose a debt to a third party for the purpose of violating the FDCPA.

19. A simple internet search of the telephone number used by the Defendant to place the voice messages, prior to the placing of said messages, would have revealed to the Defendant that the number is assigned to the Plaintiff's father and that leaving messages on an answering machine responding to a call to said telephone number would reveal to a third party that the Plaintiff is alleged to owe a debt.

20. As a result of the Defendant's violation of the FDCPA the Plaintiff suffered actual damages in the form of anxiety, stress and worry.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. The Defendant violated 15 U.S.C. § 1692d by engaging in debt collection conduct which was intended to harass, abuse and oppress the Plaintiff.

22. The Defendant violated 15 U.S.C. § 1692c(b) by improperly communicating with third parties without the express consent of a consumer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as set forth below:

(i)     The maximum statutory damages as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)    Actual damages in an amount to be determined at the time of trial pursuant to 15 U.S.C. § 1692k(a)(1).

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
      May 5, 2016

                             ROBERT L. ARLEO, ESQ. P.C.

                By: */ s / Robert L. Arleo*
                    ROBERT L. ARLEO
                    380 Lexington Avenue
                    17th Floor
                    New York, New York 10168
                    PHONE (212) 551-1115
                    FAX: (518) 751-1801
                    Email: robertarleo@gmail.com
                    Attorney for the Plaintiff